UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-6159-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting the opinions of examining psychologist Terilee Wingate, Ph.D., and discounting Plaintiff's subjective testimony regarding her migraine headaches. (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1990, has a high school diploma, and has worked as a nursing home housekeeper, toy store stocker, childcare provider, transit assistant driver, and floral assistant. AR at 43, 285. Plaintiff was last gainfully employed in April 2017. *Id.* at 285.

ORDER - 1

In June 2017, Plaintiff applied for benefits, alleging disability as of December 31, 2016. AR at 257-63. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 143-46, 152-57. After the ALJ conducted hearings in May and October 2019 (*id*. at 37-109), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 18-30.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since her application date.

Step two: Plaintiff has the following severe impairments: migraines; irritable bowel syndrome; depression; anxiety; posttraumatic stress disorder; celiac disease; patellofemoral stress syndrome, bilateral knees; osteoarthritis of the right knee; history of left Achilles tendon repair and left foot/ankle bone spurs, with residual pain; carpal tunnel syndrome, status post release; and plantar fasciitis.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform less than the full range of light work, with the following additional limitations: she can lift 20 pounds occasionally and 10 pounds frequently. She can sit for six hours in an eight-hour workday, and stand/walk (in combination) for one hour at a time for up to four hours total in an eight-hour workday. She can frequently handle/finger objects. She can perform work that does not require her to operate foot controls with her left lower extremity. She cannot be exposed to hazards as defined in the Dictionary of Occupational Titles ("DOT"). She cannot climb ladders, ropes, or scaffolds. She cannot walk on uneven or wet surfaces. She cannot be more than occasionally exposed to vibration. She can perform tasks that require level-two reasoning as defined in the DOT, meaning she can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and can deal with problems involving a few concrete variables in or from standardized situations. She cannot have contact with the public or be part of a team.

Step four: Plaintiff cannot perform her past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

AR at 18-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 4-9. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 3

IV.     DISCUSSION

A.     **The ALJ Did Not Harmfully Err in Assessing Dr. Wingate's Opinions**

  1.     *Legal Standards*

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With

ORDER - 4

these standards in mind, the Court turns to consider Plaintiff's challenge to the ALJ's assessment of medical opinion evidence.

2.  *Dr. Wingate's Opinions*

Dr. Wingate examined Plaintiff in 2017 and 2019, completing DSHS form opinions on each occasion to describe Plaintiff's symptoms and limitations. AR at 1346-53, 2582-89. In both opinions, Dr. Wingate indicated that Plaintiff had some marked functional limitations, and the ALJ found those conclusions to be unpersuasive because they were based on a mental status examination that was inconsistent with other mental status examinations in the record. *Id*. at 27. The ALJ also found Dr. Wingate's conclusions to be inconsistent with "the character of the treatment" that Plaintiff received for her mental health complaints. *Id*.

Plaintiff argues that the ALJ erred in contrasting Dr. Wingate's findings with the findings of other providers because other providers did not conduct the detailed mental examinations that Dr. Wingate performed. (Dkt. # 13 at 7-8.) This argument is not persuasive. The ALJ pointed to many normal mental status findings that are inconsistent with the concentration findings entered by Dr. Wingate. *See* AR at 27 (citing *id*. at 755, 772, 781, 783, 786, 791, 1237, 1239, 1248, 1252, 1260, 1470, 2426, 2430). That some of these findings were entered in the context of an appointment focused on physical complaints does not divest those notes of any probative value, Plaintiff's contention notwithstanding. (*See* dkt. # 13 at 8.)

Moreover, some of the findings were entered in the course of mental health therapy or a psychological evaluation as thorough as Dr. Wingate's opinion. Although Plaintiff contends that the findings of treating psychologist Barbara Ellen Digman, Ph.D., do not undermine Dr. Wingate's findings (dkt. # 13 at 7), Dr. Digman described Plaintiff's attention span and concentration as "good" (AR at 2426, 2430) and Dr. Wingate described her concentration as

ORDER - 5

abnormal (*id*. at 1350, 2586). The ALJ reasonably characterized these findings as inconsistent and did not err in discounting Dr. Wingate's opinions as inconsistent with other evidence in the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Furthermore, the ALJ noted that Plaintiff has not sought much treatment for her psychological complaints. AR at 23, 27. A claimant's lack of treatment can suggest that her complaints were not as severe as alleged. *See, e.g.*, *Blacksher v. Berryhill*, 762 F. App'x 372, 374 (9th Cir. Feb. 26, 2019) (holding that the ALJ properly discounted a treating psychologist's opinion due to the claimant's "gaps in treatment"); *Evans v. Berryhill*, 759 F. App'x. 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition"). Plaintiff emphasizes her hearing testimony regarding her inability to obtain mental health treatment due to her lack of childcare. (Dkt. # 13 at 10 (citing AR at 58).) The ALJ did not explain why she was not persuaded by Plaintiff's explanation for her lack of treatment. *See* AR at 23. To the extent that the ALJ erred in relying on Plaintiff's lack of treatment without addressing the reason Plaintiff provided as justification for her lack of treatment, this error is harmless in light of the ALJ's other valid reason to discount Dr. Wingate's opinions.

Because the ALJ provided at least one valid reason to discount Dr. Wingate's opinions, the Court affirms this portion of the ALJ's decision.

**B.      The ALJ Did Not Err in Assessing Plaintiff's Migraine Symptoms**

The ALJ listed Plaintiff's migraine headaches as a severe impairment at step two and found at step three that this condition did not meet or equal a listing. AR at 20-21. Later in the decision, the ALJ summarized Plaintiff's subjective complaints and explained that she

ORDER - 6

discounted Plaintiff's allegation of disabling migraine headaches because Plaintiff did not receive "a great deal of treatment for her migraine headaches in recent years" and, at the time of the hearing, was not taking any medication for them. *Id*. at 25-26.

Plaintiff argues that the ALJ erred in discounting Plaintiff's migraine-related allegations and that this error led to an error at step three as well as an erroneous RFC assessment. (Dkt. # 13 at 14-15.) The Court will address each argument in turn.

        1.     *Step Three*

The ALJ found that Plaintiff's migraine headaches did not satisfy the requirements of Listing 11.02. AR at 21. Plaintiff disagrees, arguing that her migraines satisfy Listing 11.02(D), which requires dyscognitive seizures occurring at least once every two weeks for at least three consecutive months despite adherence to prescribed treatment, as well as a marked limitation in physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02(D).

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting 20 C.F.R. § 404.1525(d); emphasis added in *Key*). To

meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530. "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1526); 20 C.F.R. § 416.926 (a); *see also Sullivan*, 493 U.S. at 531 (to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

Plaintiff argues that her testimony about the frequency of her migraine headaches satisfies the frequency requirement of this listing, and that even if she does not meet the listing, the ALJ erred in failing to explain why she did not equal a listing. (Dkt. # 13 at 15.) Both of these arguments fail. Plaintiff testified that she experienced migraines at least once a week and needed to go to the hospital once a month to receive shots for her migraines (AR at 60-62), but the ALJ found that the medical records did not corroborate this testimony as to frequency and/or treatment. *See id*. at 25 (citing *id*. at 1213, 1218, 1220-21, 1393-94, 1428-34, 2726-36). Plaintiff has not pointed to any evidence in the record undermining the ALJ's interpretation of the medical record, or otherwise shown that the ALJ erred in finding that Plaintiff's testimony as to her migraine headaches was inconsistent with the record.

Furthermore, Plaintiff did not argue to the ALJ that her migraine headaches equaled a listing, and thus the ALJ did not err in failing to address equivalency. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."). Plaintiff has not offered a plausible theory of equivalency in her briefing to this Court, either. (*See* Dkt. # 13 at 14-15.) For

ORDER - 8

1 all of these reasons, Plaintiff has not met her burden to show harmful legal error at step three.

2                  2. *RFC Assessment*

3 Plaintiff argues that the ALJ erred in discounting her allegations regarding her migraines because the ALJ failed to "point to objective findings that undermined her testimony about [the headaches'] severity or frequency." (Dkt. # 13 at 13.) As discussed above, Plaintiff is mistaken: the ALJ found that the medical records did not corroborate Plaintiff's testimony regarding the frequency of her headaches and, moreover, indicated that Plaintiff did not seek much treatment for her migraines and instead had not been taking any medication for them in the months leading up to the most recent administrative hearing. AR at 25-26 (citing *id.* at 375, 1213, 1218, 1220-21, 1393-94, 1428-34, 2726-36). As noted above, Plaintiff has not pointed to any evidence in the record undermining the ALJ's interpretation of the medical record or shown that the ALJ erred in finding that Plaintiff's migraine allegations are inconsistent with the record.

Accordingly, the Court finds that Plaintiff has failed to meet her burden to show error in the ALJ's findings regarding her migraine allegations in assessing her RFC. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

//
//
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 13th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge